**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**MICHAEL HUFF, BARBARA HUFF and WILLIAM H. LEIBERS**

**Plaintiffs,**

**v.** **Case No: 5:13-cv-63-Oc-22PRL**

**REGIONS BANK**

**Defendant.**

---

# REPORT AND RECOMMENDATION[1]

This matter is before the Court on the motion for sanctions filed by Defendant Regions Bank d/b/a Regions Mortgage. (Doc. 38). Plaintiffs, Michael Huff, Barbara Huff and William H. Leibers have not filed a response and the time for doing so has passed. The District Judge referred the Motion to the undersigned for ruling, or if necessary, issuance of a Report and Recommendation. (Doc. 42). I recommend that the motion be granted to the extent stated below.

## I. BACKGROUND

### A. Kelley Bosecker and Related Quiet Title Actions

This case is one of seven similar quiet title actions filed in the Ocala Division, and Kelley Bosecker, Esquire, represents the plaintiffs (as she does here) in each one.[2] All seven cases are based on the same legal theory, i.e., that failure to acknowledge in writing a recorded note,

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] *Barrios v. Regions Bank*, 5:13-cv-29-Oc-22PRL; *Lehrer et al. v. Regions Bank*, et al, 5:13-cv-30-PRL; *Fitzgerald et al v. Regions Bank et al.*, 5:13-cv-PRL; *Gonzalez v. GMAC Mortgage, et al*, 5:13-cv-72-ACC-PRL; *Grisales et al v. Ocala National Bank*, 5:13-cv-84-WTH-PRL; *Calderon v. Merchants and Southern Bank*, 5:13-cv-85-ACC-PRL; *Lluis v. Bank of America*, 5:13-cv-130-ACC-PRL.

mortgage or assignment somehow creates a possible cloud on Plaintiff's title. Although Ms. Bosecker has relied upon this same theory in these cases, she has failed to cite any legal authority to support it.

In several of the other cases, Ms. Bosecker filed the initial state court action and was counsel of record when the case was removed. In those cases, it took Ms. Bosecker almost 10 weeks to finalize the relatively simple admissions process to the Bar of the Middle District of Florida and the Court was placed in the unfortunate position of micromanaging her admission. As noted in those other cases, Ms. Bosecker's poor handling of the admissions process was consistent with her level of practice, which consistently fell below the level expected of lawyers practicing in this Court. (*See e.g., Barrios v. Regions Bank,* 5:13-cv-29-Oc-22PRL Doc. 52 at 2; *Gonzalez v. GMAC Mortgage,* et al, 5:13-cv-72-ACC-PRL, Doc. 36 at 2). In this case, Ms. Bosecker appeared at the case management conference on March 18, 2013 and provided defense counsel with a notice of appearance. She then attempted to file a notice of appearance on March 18, 2013, but it was not accepted by the Clerk because she had not yet been admitted to the Bar of this Court. (Doc. 11). Finally, on March 29, 2013, after completing the admissions process, Ms. Bosecker filed another notice of appearance, which was accepted. (Doc. 26).

**B. The *Huff* Action**

This action was initiated on January 11, 2013, when the *pro se* Plaintiffs filed the present action in state court to quiet title to real property located at 7427 East Azalea Dr., Floral City, Florida ("Property") (Doc. 2). In the initial Complaint, Plaintiffs allege that they obtained title to the property through a warranty deed from William H. Liebers, which was recorded in Citrus County, Florida on March 6, 2006.

Plaintiffs claim that two months later, on May 31, 2006, Defendant recorded a mortgage on the Property and in the mortgage Defendant purported to lend Plaintiffs $210,000 secured by the Property. Plaintiffs attached to the Complaint a copy of the recorded mortgage (Doc. 2 at 8-23), and a copy of the May 25, 2006 Note that appears to be signed by Plaintiff Michael Huff and shows Defendant lent $210,000.00 in relation to the Property. (Doc. 2 at 86-93).

Plaintiffs allege that Defendant failed to respond to their repeated demands to prove it lent them any money, and that this failure to respond to their demands has created a cloud on their title. Plaintiffs complain that Defendant has no valid enforceable interest in the Property and thus demands that Defendant remove, satisfy, and release the purported mortgage. As relief, Plaintiffs ask the Court to deem the mortgage cancelled, null and void, and to quiet title to the Property.

On February 7, 2013, Defendant removed this action to federal court based on diversity jurisdiction. (Doc. 1). Soon thereafter, Defendant filed a motion to dismiss, or in the alternative a motion for summary judgment. (Doc. 7). On March 15, 2013, Ms. Bosecker and defense counsel conducted a case management conference in Florida during which Ms. Bosecker presented defense counsel with a notice of appearance.

On March 18, 2013, Ms. Bosecker filed a notice of appearance, a response to Defendant's motion to dismiss, and a motion to remand, none of which were accepted by the Clerk because Ms. Bosecker was not yet a member of the Bar of this Court. (Docs. 11, 14, 15). Several days later, *pro se* Plaintiffs filed, on their own behalf, a response to the motion to dismiss (Doc. 16) and the motion to remand (Doc. 19), both of which were almost identical to those that had been filed by Ms. Bosecker in the other related cases. (*See e.g., Barrios v. Regions Bank*, 5:13-cv-29-Oc-22PRL Docs. 19 & 22; *Gonzalez v. GMAC Mortgage,* et al, 5:13-cv-72-ACC-PRL, Doc. 15).

On March 25, 2013, Defendant filed supplemental authority in which the Fifth Judicial Circuit for Marion County, Florida recently dismissed two identical quiet title actions brought by Ms. Bosecker on behalf of other mortgagors (s*ee Barrios v. SunTrust Mortgage, et al.,* Case No. 12-CA-004939-CA-B, and *Billings v. Hometown Mortgage Services*, *Inc*., Case No. 13-40-CA-G), and the Fifteenth Judicial Circuit for Palm Beach County, Florida dismissed a similar complaint filed by *pro se* plaintiffs and awarded sanctions (*see Forrest v. Bank of America, N.A.*, Case No. 2012-CA-023505XXXXMB). (Doc. 21).

On March 29, 2013 – the same day Ms. Bosecker finally filed her notice of appearance – the Court granted Defendant's motion to dismiss noting that Plaintiffs had failed to plead plausible facts to show that Defendant's mortgage created a cloud on the Plaintiffs' title and that Defendant's mortgage is invalid. (Doc. 23). The Court explained that the Plaintiffs' argument that Defendant's failure to respond to their demands is frivolous as it is unsupported by any legal authority that failure to acknowledge in writing a recorded note and mortgage creates a possible cloud on Plaintiffs' title. The Court further explained that the Plaintiffs' allegations are directly rebutted by the exhibits attached to his Complaint – i.e., the recorded mortgage shows that Defendant lent Plaintiffs the sums of money at issue; Plaintiffs' signatures appear on the recorded mortgage; and Plaintiffs never denied signing the document. The Court noted that Plaintiffs offered no argument to the contrary other than "irrelevant case law or case law that fails to address the issues before the Court." (Doc. 23 at 4).

When dismissing the Complaint, the Court, nonetheless, granted Plaintiffs leave to amend by April 15, 2013, provided they could do so without violating Federal Rule of Civil Procedure 11. The Court cautioned Plaintiffs that "[t]he amended complaint shall not serve as an

opportunity to add new claims. Rather, this represents a chance for Plaintiffs to remedy the pleading deficiencies identified herein."

That same day the Court denied the Plaintiffs' motion to remand, easily finding diversity jurisdiction. (Doc. 24). The Court explained that Plaintiffs "offer a nonsensical argument that discusses preemption and federal question jurisdiction, and Plaintiffs neglect to engage in any substantive discussion of diversity jurisdiction. As well, Plaintiffs disregard binding Eleventh Circuit precedent." (Doc. 24 at 2). The Court further noted that Plaintiffs' argument was "irrelevant and completely unpersuasive." (Doc. 24 at 5).

On April 15, 2013 – the last day for Plaintiffs to amend – Plaintiffs filed an emergency motion for an extension of time to file the amended complaint. (Doc. 27). Ms. Bosecker represented that that she was unable to timely complete the amended complaint because she was recovering from an unidentified, serious medical emergency and that because she was recently admitted to practice in this Court, she had not had enough time to prepare. The Court granted Plaintiffs' emergency motion, but noted that "[t]he level of practice exhibited by Plaintiffs' counsel to date has fallen well below the level of practice expected before this Court." (Doc. 28 at 2).

Defendant then filed a motion for reconsideration claiming that Ms. Bosecker had filed a similar motion for extension in a state court proceeding based on some unspecified medical emergency. (Doc. 29) The Court ordered Plaintiffs' counsel to respond to Defendant's motion for reconsideration and to provide documentation to support her alleged medical emergency. (Doc. 30). Ms. Bosecker filed a response to support her medical emergency, but beyond her own affidavit, she did not provide any further supporting documentation and she failed to respond directly to the arguments raised in Defendant's motion for reconsideration. (Doc. 31). The

Court granted Defendant's motion for reconsideration to the extent that Plaintiffs were ordered to file the amended complaint by April 19, 2013 *if they could do so without violating Rule 11*. (Doc. 32). The Court once again advised Plaintiffs that "[t]he amended complaint shall not serve as an opportunity to add new claims. Rather, [the amended complaint] represent[ed] a chance for Plaintiffs to remedy the pleading deficiencies identified [therein]." (Doc. 32 at 2-3). The Court again noted that "[t]he level of practice of Plaintiffs' counsel has fallen woefully below the level of practice expected before this or any Court. She has demonstrated a disregard for this Court's limited resources, the Local Rules of the Middle District of Florida, and the *Federal Rules of Civil Procedure*." (Doc. 32 at 2).

Despite these repeated warnings, on April 18, 2013, Ms. Bosecker, on behalf of the Plaintiffs, filed an Amended Complaint (Docs. 33 & 34) continuing to assert that Defendant did not prove that it lent the Plaintiffs money or that it had a valid interest in the Property. Moreover, despite the Court's explicit direction that no new claims be added, Plaintiffs also added a count for fraud, fraudulent inducement, concealment, and fraudulent representation.

On May 2, 2013, Defendant filed a motion to dismiss with prejudice and for sanctions (Doc. 36). On May 9, 2013, Defendant served on Plaintiffs' counsel a Rule 11 and Fla. Stat. § 57.105 safe harbor letter and motion for sanctions seeking dismissal of the case with prejudice and payment of their attorney's fees and costs. (Doc. 27-1). Defendant advised Plaintiffs to review the attached motion for sanctions which cited "recent authority in actions for quiet title similar to the allegations in this case, including actions filed by you, [that] unequivocally establishes that the claim alleged in this case has no merit."

On May 21, 2013, the Court dismissed Plaintiffs' Amended Complaint with prejudice (Doc. 37) noting that Plaintiffs had failed to respond to the motion[3]. In dismissing Plaintiffs' Amended Complaint, the Court found that Plaintiffs once again failed to allege plausible facts showing the existence of a cloud on their title. In addition, the Court dismissed Plaintiffs' claims based on fraud, fraudulent inducement, and fraudulent representation because such claims were in direct violation of the Court's Order prohibiting Plaintiffs from adding new claims in the Amended Complaint. Although Plaintiffs did not file a response to the motion to dismiss, they filed a motion for reconsideration of the dismissal Order (Doc. 40), which the Court denied. (Doc. 41).

On May 31, 2013, Defendant filed the instant motion seeking sanctions. (Doc. 47). Plaintiff has not filed a response and the time for doing so has passed.

## II. DISCUSSION

Defendant seeks sanctions in the form of Defendant's attorneys' fees and costs, against Plaintiffs and Ms. Bosecker, pursuant to Federal Rule of Civil Procedure 11, Florida Statute § 57.105, 28 U.S.C. § 1927, and the Court's inherent power. Defendant contends that it should be awarded its attorneys' fees and costs for having to defend against this frivolous action. In addition, Defendant requests that Court require Plaintiffs to withdraw or otherwise correct the false and misleading Notice of Substitution of Trustee that they recorded in the Citrus County land records on July 9, 2012.

---

[3] Defendant's motion for sanctions, which was included in Defendants' motion to dismiss the Amended Complaint (Doc. 36) was denied without prejudice because it failed to comply with Fed.R.Civ.P. Rule 11(b) and Defendant failed to present any measure of attorney's fees or proposed amounts for possible sanctions.

Plaintiffs have not filed a response to the instant motion and their time for doing so has long since passed. This failure to respond is consistent with Ms. Bosecker's practice before this court, and does not bode well for her under the circumstances.

**A. Legal Framework**

Pursuant to Rule 11, when an attorney files a pleading, written motion, or other paper, the attorney signs it to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery. Fed.R.Civ.P. 11(b).

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306,1311 (11th Cir. 2010). To accomplish this purpose, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading, motion, or other paper; it emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention. *See* Advisory Committee Notes to Rule 11, 1993; *see also, Coleman v. Circle K. Stores, Inc.*, No. 6:10-cv-1425-Orl-28GJK, 2012 WL 5334116, *2 (M.D. Fla. Oct. 1, 2012).

In determining whether Rule 11 sanctions are warranted, the Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id*. (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). The Court should avoid using the "wisdom of hindsight" and should "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading,

motion, or other paper was submitted." *Peer*, 606 F.3d at 1311 (quoting Fed. R. Civ. P. 11 advisory committee note of 1983).

Likewise, Florida Statute § 57.105 is intended to discourage baseless filings and provides, in relevant part:[4]

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

Both Rule 11 and § 57.105 contain safe harbor provisions requiring the moving party to serve the offending party with the motion at least 21 days before the motion is filed with the Court. The moving party cannot file the motion if, within those 21 days, the offending party withdraws or corrects the challenged conduct. Fed. R. Civ. P. 11(c)(2); Fla. Stat § 57.105(4).[5]

Unlike Rule 11 and Fla. Stat. § 57.105, which primarily focus on pleadings, written motions, or other papers, 28 U.S.C. § 1927 is directed at the unreasonable and vexatious multiplication of proceedings and requires attorneys to avoid dilatory tactics throughout the entire litigation. *Peer v. Lewis*, 606 F.3d 1306, 1313-14 (11th Cir. 2010). "To justify an award of

---

[4] In a diversity action, such as this, the substantive law of the forum state is applied, along with federal procedural law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Eleventh Circuit has noted that "[a]ttorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber, Inc*, 955 F.2d 1467, 1478 n. 11 (11th Cir. 1992). Because § 57.105 is substantive, it can be applied in federal court in the proper case. *See Fidelity Land Trust Company, LLC v. Security National Mortgage Company*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *1 (M.D. Fla. Jan. 7, 2013).

[5] There is no dispute that counsel for Defendant sent a Rule 11 and Rule § 57.105 safe harbor letter and a motion for sanctions to Plaintiff's counsel on May 9, 2013. (Doc. 38-1). In the instant motion for sanctions, Defendant incorporates the previously served motion for sanctions.

sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Id*. An attorney multiplies the proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id*. Bad faith is an objective standard that is met when an attorney knowingly and recklessly pursues a frivolous claim. *Id*.

Finally, the Court has inherent authority to manage its affairs and sanction parties or counsel for conduct that abuses the judicial process. *Fidelity Land Trust Company, LLC v. Security National Mortgage Co*., No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013). The court's inherent power "extends to a full range of litigation abuses," but it requires a showing of bad faith and this standard narrows the range of conduct that satisfies the threshold for sanctions. *Peer*, 606 F.3d at 1314-15 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991)).

**B. Sanctions Should Be Imposed**

There was no plausible basis in law or fact for the filing of this action, which should have been clear by reading the case law. This is not a situation in which a lawsuit was filed in good faith and later discovery revealed that there was not a basis for it. Rather, Plaintiffs' claims against Defendant were based upon a legal theory that had absolutely no chance of success and which cannot be characterized as reasonable arguments to change existing law. Indeed, despite bald assertions that they have stated a viable claim, Plaintiffs have not cited any legal authority to support their theory. Even according Plaintiffs the benefit of the doubt because they were proceeding *pro se*, Plaintiffs should have known that their claims were not supported by fact or law once Defendant filed its motion to dismiss citing to cases in which courts had rejected

identical claims. Then, although Defendant's counsel sent a Rule 11 and § 57.105 safe harbor letter to counsel, Plaintiffs did not withdraw their claim. Defendant ultimately prevailed when the Court dismissed Plaintiffs' Amended Complaint with prejudice. (Doc. 37).

Accordingly, sanctions should be imposed pursuant to Fla. Stat. § 57.105 because, as discussed above, at the time they filed their Complaint, and certainly by the time Defendant filed its motion to dismiss (Doc. 7), Plaintiffs should have known that their claims were neither supported by the material facts necessary to establish the claims nor by the application of then-existing law to those material facts. Section 57.105 specifically provides that under these circumstances, the court "shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney."

Moreover, Ms. Bosecker violated Rule 11, Fed. R. Civ. P. by continuing to pursue the frivolous claims after filing her notice of appearance and by filing motions and other papers – i.e., the emergency motion for extension of time, the (equally frivolous) Amended Complaint, and the motion for reconsideration – that had no reasonable factual or legal basis.

Plaintiffs and Ms. Bosecker were repeatedly advised – both by Defendant and the Court – that Plaintiffs' claims were frivolous. Nonetheless, Plaintiffs proceeded with this action and Defendant was forced to defend against the frivolous claims. As discussed above, Defendant moved to dismiss the Complaint arguing that the Plaintiffs' claims were frivolous and unsupported by legal authority and contradicted by the exhibits attached to Plaintiffs' Complaint. (Doc. 7). In the motion to dismiss (Doc. 7 at 2-3, nn. 1-2) and notice of supplemental authority (Doc. 21), Defendant cited to a number of cases in which courts had rejected Plaintiffs' legal theory, including two cases in which Ms. Bosecker was counsel of record. Plaintiffs, at the time proceeding *pro se*, filed a motion to remand (identical to motions filed by Ms. Bosecker in the

related cases), which the Court ultimately denied, describing Plaintiffs' arguments as "nonsensical" and noting that Plaintiffs disregarded binding Eleventh Circuit precedent. After filing her notice of appearance, Ms. Bosecker continued to pursue Plaintiffs' claims even after this Court rejected Plaintiff's legal theory in its March 29, 2013 Order granting Defendants' motion to dismiss; and Defendant served a Rule 11 letter and motion for sanctions. Then, although the Court reminded Plaintiffs and Ms. Bosecker of the requirements of Rule 11, and admonished Plaintiffs that they could not add new claims to an amended pleading, they filed an Amended Complaint based on the same legal theory that the Court had previously rejected and Plaintiffs added new claims. Defendant moved to dismiss the Amended Complaint with prejudice, which the Court granted.

Ms. Bosecker's conduct in pursuing these frivolous claims also warrants sanctions against her pursuant to 28 U.S.C. § 1927. The undersigned has no trouble concluding that Ms. Bosecker engaged in unreasonable and vexatious conduct and that her conduct multiplied the proceedings once she appeared in this action by filing the emergency motion for extension of time, the equally frivolous Amended Complaint, and the frivolous and unsupported motion for reconsideration. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280-82 (11th Cir. 2010). Ms. Bosecker's decision to pursue these frivolous claims is even more troubling in light of the lack of professionalism she exhibited throughout the course of this litigation. The Court noted on at least two occasions that Ms. Bosecker's level of practice had fallen well below the level of practice expected before this or any Court and that she had demonstrated a disregard for this Court's limited resources, the Local Rules of this Court and the Federal Rules of Civil Procedure. (*See, e.g.,* Doc. 28 at 2 & Doc. 32 at 2).

Alternatively, the Court should exercise its inherent powers to impose sanctions against Plaintiffs and Ms. Bosecker because Defendant was forced to spend significant time and money defending against Plaintiffs' meritless lawsuit. The Court may tax attorneys' fees and costs "when [the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fidelity Land Trust Co., LLC v. Security Nat. Mortg. Co.*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013)(*quoting Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)). Grounds for a bad faith award exist – when, as here – plaintiff s bring a groundless suit and force the defendant to expend time and effort conducting its defense. *Gordon v. Heimann*, 715 F.2d 531, 539 (11th Cir. 1983).

Under these circumstances, the Court finds that sanctions in the form of reasonable attorneys' fees and costs are warranted against Plaintiffs and Ms. Bosecker under Fla. Stat. § 57.105 and the Court's inherent authority, and additionally that such sanctions are warranted against Ms. Bosecker pursuant to Rule 11, Fed. R. Civ. P.[6], and 28 U.S.C. § 1927. Plaintiffs and Ms. Bosecker should be ordered to pay Defendant's reasonable attorneys' fees and costs to defend this action from March 15, 2013 – the date that Ms. Bosecker appeared at the case management conference and presented defense counsel with a notice of appearance and shortly after Defendant filed its motion to dismiss clearly putting Plaintiffs on notice that their claims were frivolous – through the conclusion of these proceedings.

**C. Reasonable Attorney's Fees**

[6] Although Rule 11 sanctions can be awarded against a party and/or counsel, monetary sanctions cannot be imposed against a represented party for violating Rule 11(b)(2) which requires counsel to certify that the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(c)(5). Because the undersigned concluded that Ms. Bosecker violated Rule 11(b)(2) (as well as other subsections of Rule 11), the undersigned declines to impose monetary sanctions in the form of attorneys' fees and costs on Plaintiffs pursuant to Rule 11.

Defendant seeks a total of $12,580.00 in attorneys' fees dating from February 4, 2013 to May 21, 2013. In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman*, 836 F.2d at 1302.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

***1. Reasonableness of Hourly Rates***

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court, itself, is an

expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Defendant requests $410.00-$435.00 per hour for attorney D. Brian O'Dell who has 15 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $365.00 per hour for attorney Hope T. Cannon, who has 13 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $260.00 per hour for attorney Jessica L. Jones, an associate at the same firm in her fourth year of practice; $235.00 - $255.00 per hour for attorney Blake Goodsell, an associate at the same firm in his third year of practice; $170-$180 per hour for Jamie Mathews a paralegal with two years of experience;[7] and $185.00 - 195.00 per hour for Emily R. Powell a paralegal who attended law school and obtained a J.D. degree.

To support the requested hourly rates, Defendant points to similar cases in this District in which the same counsel and paralegals recently sought similar rates for fees as they do here, and the court granted their motion. (Doc.38 at 13-14; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al*., Case No. 6:12-cv-1367-RBD-TBS; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al*., Case No. 8:12-cv-1930-EAK-MAP). In addition, Defendant cites to several other cases from this District where the court found commensurate rates to be reasonable. (*See* Doc. 38 at 14-15).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *Scelta v. Delicatessen Support Serv., Inc*., 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002). Here, based upon the Court's own experience and familiarity with rates in the Ocala Division, the undersigned finds that the requested rates are higher than the prevailing market rates. In fact, in both of the similar cases

[7] Although Defendant contends that paralegal Alecia Cockrell also bills at the rate of $170.00-$180.00 per hour, the billing records do not show that she actually worked on this case. Accordingly, the undersigned makes no findings regarding her requested billable rate.

from this District cited by Defendant, the same counsel requested and the Court approved even lower billing rates – Attorney Cannon $315.00; Attorney Jones $193.00; and Paralegal Mathews $145.00.[8]

Having considered the experience of Attorney O'Dell, Attorney Cannon, Attorney Jones, and Attorney Goodsell, the location of their practice, the complexity of the case, Defendant's evidence of awards in similar cases, the Court's knowledge of market rates in Central Florida, and the Court's findings regarding hourly rates in related cases, the undersigned recommends that the requested hourly rate for Attorney O'Dell be reduced from $410.00 - $435.00 to $360.00, that the requested hourly rate for Attorney Cannon be reduced from $365.00 to $315.00, that the requested hourly rate for Attorney Jones be reduced from $260.00 to $193.00; and that the requested hourly rate for Attorney Goodsell be reduced from $235.00 - $255.00 to $190.00. Likewise, with respect to paralegal time, the undersigned recommends that the requested hourly rate for Paralegal Mathews should be reduced from $170.00 - $180.00 to $145.00; and the requested hourly rate for Paralegal Powell should be reduced from $185.00 - $195.00 to $155.00.

***2. <u>Reasonableness of Hours Expended</u>***

Next, the Court must determine the number of hours reasonably expended on the litigation. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.* Work by paralegals is recoverable "only to the extent that the paralegal

[8] Apparently, Attorney O'Dell and Paralegal Powell did not work on these cases.

performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

Notwithstanding Plaintiffs' failure to raise any objection to Defendant's calculation of time expended on this case, the undersigned has conducted a thorough evaluation on its own. Based on the attached billing records, the following hours were expended on the case between March 15, 2013 and May 21, 2013:

| **Name** | **Hours** |
|---|---|
| D.Brian O'Dell | 2.8 hours |
| Hope T. Cannon | 4.0 hours |
| Jessica L. Jones | 10.4 hours |
| Blake Goodsell | 8.0 hours |
| Jamie Mathews | 2.4 hours |
| Emily Powell | 2.8 hours |

The undersigned finds that 25.20 hours of attorney time and 5.20 hours of paralegal time were reasonable and necessary to expend on this case for the two-month period in which Defendant *inter alia* responded to Plaintiffs' motion to remand; filed supplemental authority in support of its motion to dismiss; filed a motion for reconsideration of Plaintiffs' emergency motion for extension of time; filed a motion to dismiss the Amended Complaint; and filed the instant motion for sanctions. These requested fees are also consistent with the undersigned's recent approval of 44.60 hours of attorney time and 24.5 hours of paralegal time in the *Gonzalez* case and 57.01 hours of attorney time and 12.61 hours of paralegal time in the *Barrios* case for the entire defense of those actions.

### *3. Summary of Reasonable Attorneys' Fees*

In summary, the undersigned recommends that a reasonable lodestar for Attorney O'Dell is 2.8 hours at $360.00 for a fee award of $1,008.00; Attorney Cannon is 4.0 hours at $315 per hour for a fee award of $1,260.00; Attorney Jones is 10.4 hours at $193.00 per hour for a fee award of $2,007.20; Attorney Goodsell is 8.0 hours at $190.00 per hour for a fee award of $1,520.00; Paralegal Mathews is 2.4 hours at $145 per hour for a fee award of $348.00; and Paralegal Powell is 2.8 hours at $155.00, for a fee award of $434.00, with a total lodestar award of **$6,577.20**.

### D. Costs

Finally, Defendant seeks costs in the amount of $946.94 for the following items:

| | |
|---|---|
| Filing Fee for M.D. | $350.00 |
| Court costs to obtain state court file | $131.38 |
| Copy charges, Broward County Clerk of Courts | $188.90 |
| Federal Express and postage charges | $15.36 |
| Legal Research | $81.79 |
| PACER service fees | $21.70 |
| Airline tickets, travel and meal expenses | $157.81 |

The undersigned finds that the filing fee in this Court ($350.00) and the court costs to obtain the state court file ($131.38) were reasonably necessary and are recoverable under 28 U.S.C. § 1920. [9]

[9] Section 1920 provides that a judge may tax as costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section

Although the other requested costs are not necessarily enumerated in 28 U.S.C. § 1920, the Court likely has authority to tax such costs pursuant to Rule 11, 28 U.S.C. §1927, and its own inherent authority. Nonetheless, the undersigned declines to do so because Defendant has failed to offer any explanation as to why these costs were reasonable and necessary for the defense of this action.

**E. "Notice of Substitution of Trustee"**

In addition to attorneys' fees and costs, Defendant requests that the Court order Plaintiffs to withdraw or otherwise rectify the document entitled "Notice of Substitution of Trustee" (hereinafter "Notice") that was recorded in the official records of Citrus County on July 9, 2012. (Doc. 38-6). Defendant argues that although the Notice conveys no rights or powers to Plaintiffs, the "false and misleading Notice still confuses the land records and may defraud unsuspecting third parties." Doc. 38 at 18. Based on the limited information in the record and the lack of authority supporting Defendant's request[10], the undersigned recommends that Defendant's request should be denied without prejudice.

**III. RECOMMENDATION**

For the reasons stated above, it is respectfully **RECOMMENDED** that:

Defendant Regions Bank d/b/a Regions Mortgage's Motion for Sanctions (Doc. 38) should be **GRANTED** to the extent that **s**anctions in the form of attorneys' fees in the amount of **$6,577.20** and costs in the amount of **$481.38** should be imposed jointly against Plaintiffs, Michael Huff, Barbara Huff, and William H. Liebers and their lawyer, Kelley Bosecker.

---

1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

[10] The only case cited by Defendant to support its request is *In re Briglevich*, 147 B.R. 1015 (Bkrtcy. N.D.Ga. 1992). In that case, the bankruptcy court granted summary judgment finding that certain transfers of real property were void and set them aside and directed the plaintiff to prepare an order to be "filed on the land records in Fulton and Cobb County declaring the transfers by quitclaim deed or divorce decree void and of no effect." *In re Briglevich*, 147 B.R. at 1022-23.

Recommended in Ocala, Florida on September 24, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy